UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PRAN KAR, M.D.,

  Plaintiff,

vs.             Case No.:

DENIS McDONOUGH, Secretary,
DEPARTMENT OF VETERANS
AFFAIRS,

  Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF REQUESTED**

Plaintiff Pran Kar, complains of Defendant Denis McDonough, Secretary, Department of Veterans Affairs as follows:

1. The Orlando VA Medical Center (Orlando VAMC) is a Veterans Administration (VA) hospital and medical center established in October 2006 and located in Orlando, Orange County, Florida. The Orlando VAMC is broken down into various services, including the Medicine Service.

2. Plaintiff is an Indian American, Hindu male born in India in August 1957. Plaintiff is a nephrologist who has worked for Defendant at the Orlando VAMC since September 2008 and at all times material to this complaint.

1

3. Dr. Priya Vishnubhotla was the Chief of Medicine, Dr. Lisa Zacher was the Chief of Staff, and Timothy Cooke was the Medical Center Director at the Orlando VAMC at all times material to this complaint.

4. Each of the employees described herein was employed by Defendant and was acting within the course and scope of his or her employment with Defendant at the time of the conduct described herein.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims in this complaint under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, as amended, including § 2000e-16 and § 2000e-2(m) and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, as amended, including § 633a.

6. Plaintiff has complied with all jurisdictional prerequisites to action under Title VII and the ADEA, including having exhausted his administrative remedies. Plaintiff filed a formal EEO complaint related to the events described herein on May 18, 2021. More than 180 days have passed since the filing of his formal complaint, satisfying the jurisdiction requirements of 42 U.S.C. § 2000e-16(c).

7. Venue in the Middle District of Florida is proper under 42 U.S.C. § 2000e-5(f)(3), because all of the unlawful employment practices described herein occurred and Orlando VAMC is located within the district.

## GENERAL ALLEGATIONS

8. Plaintiff has been subjected to disparate treatment and a hostile work environment/harassment based upon his race, ethnicity, religion, sex, national origin, and age, as described in the following paragraphs.

9. On July 30, 2020, Plaintiff was detailed to the Hospitalist Service due to the COVID pandemic and surge. When told of the pending detail, Plaintiff advised several individuals, including the Chief of the Nephrology Section and the Chief of Medicine, that because he had not practiced as an internist since 1990, he lacked the appropriate training, experience, and competency to function in that capacity.

10. After advising his supervisors of his objection to the pending detail, Plaintiff accepted the assignment. The facility bylaws specified that a focused FPPE – "the process whereby the Medical Staff evaluates the privilege-specific competence of a Practitioner who does not have documented evidence of competently performing the requested privilege at the organization" – was required. This requirement was not followed. Rather, prior to being transferred to the hospitalist service, Plaintiff was given training for tasks regarding the electronic medical record and not critical medical training required to be a hospitalist.

11. On July 29, 2020, thirteen days after being discharged from a nine-day hospitalization at the Orlando VAMC, Patient S1061 presented at the VA Orlando Emergency Department with the complaint of bilateral leg swelling and was admitted as an inpatient. He had a medical history of diffuse proliferative lupus nephritis and hypothyroidism. During the previous hospitalization, Plaintiff had conducted a face-

3

to-face Nephrology Consult because of the patient's history of lupus, swelling in the legs, worsening of creatine, and abnormal urinalysis. During his readmission, Plaintiff cared for the patient as a hospitalist.

12. Between July 30, 2020, to August 5, 2020, Patient S1061 was cared for by several physicians including Plaintiff as a hospitalist and Dr. Sujatha Vuyyuru as the attending rheumatologist who treated the patient's lupus nephritis. On August 5, 2020, the patient S1061 received a first dose of cyclophosphamide infusion (Cytoxan) 1500 mg under the supervision of Dr. Vuyyuru.

13. From August 7 through August 12, 2020, the patient experienced no periods of clinical deterioration, and his discharge was planned pending the availability of outpatient hemodialysis.

14. On August 13, 2020, the patient complained to Dr. Vuyyuru of a rash on his thigh, and she examined the patient and noted a 10-by-5 centimeters, large, red, indurated area. Dr. Vuyyuru notified Dr. Kar of the patient's examination findings by an email dated and timed August 13, 2020, 2:44 p.m. Plaintiff replied at 3:06 p.m., "LN/erythema Noted. He did get a Spot study which still shows nearly 12-14 grams of protein and correlates will with a 24-hr. collection. Also, Dr Casey is no longer on service Pt being managed by Dr. KKM". The patient's laboratory results, taken on August 13, 2020, at 4:15 a.m. and reviewed by Dr. Marilyn Mosquera and co-signed by Dr. Vuyyuru on August 13, 2020 at 7:06 p.m. showed a White Blood Count (WBC) of 5.3K.

4

15. Plaintiff instant messaged and sought out the residents in their workroom to discuss the patient. One of the residents, Dr. Nima Hosseinian, told Plaintiff that he would discuss the case with the Infectious Disease Service.

16. On August 13, 2020 at 17:27, Tenika McMillan, RN documented in the patient's chart that in response to the patient's complaint of thigh redness and pain, "MD came to assess and ordered Tylenol for pain and miconazole cream [i.e., antifungal medication]."

17. On August 14, 2020 at 4:15a.m., the patient had blood drawn for laboratory studies and the CBC study revealed a white blood count of 0.6K.

18. When Plaintiff returned to work at 8:00 a.m. on August 14, 2020, Plaintiff went to the residents' room for an anticipated tabletop discussion of the inpatients, was advised that the patient's white blood cell count was 0.6K, and immediately left with the team to assess the patient.

19. When Plaintiff arrived at the patient's bedside, hemodialysis was underway, and he appreciated that the patient was hypotensive and that the nurse was struggling to maintain the patient's blood pressure. Plaintiff terminated hemodialysis, placed the patient in Trendelenburg position, called for the Rapid Response Team, discussed the case with ICU staff and assisted in the transfer to the ICU.

20. The patient remained in a critical condition and died on August 15, 2020, at 00:08 a.m.

21. By letter dated August 17, 2020, Director Cooke notified Plaintiff that his privileges were summarily suspended upon the recommendation of the Chief of Staff

pending a comprehensive review of unspecified concerns regarding Plaintiff's clinical practice. The letter failed to provide detailed reasons for plaintiff being placed on summary suspension. The letter indicated that the comprehensive review must be accomplished within 30 calendar days with recommendations to proceed with formal procedures for reductions or revocation of clinical privileges forwarded for consideration and action. The letter further indicated that, within 5 working days of receipt of the recommendations, the Director would make a decision either to restore his privileges to an active status or that the evidence warrants proceeding with a reduction or revocation process.

22. An autopsy was performed on August 19, 2020 and found the likely cause of death to be an infectious cellulitis with accompanying P. aeruginosa sepsis.

23. On January 8, 2021, the Chief of Staff proposed Plaintiff's removal and revocation of his clinical privileges for the following 2 charges: (1) Failure to timely initiate appropriate actions during periods of clinical deterioration; (2) Failure to adequately assess patients and meet acceptable standard of care including adequate health record documentation. Charge 1 involved Patient S1061 but did not specify what Plaintiff did or failed to do that constituted substandard care or misconduct. Rather, the charge alleged that Plaintiff "failed to act in a timely manner with further diagnostic, therapeutic, and consultative interventions." Charge 2 included 29 specifications that followed a review of 40 patient charts of cases occurring during a period of approximately 2 months at the beginning of the COVID crisis.

24. On or about January 26, 2021, Director Cooke notified of his decision to remove Plaintiff from federal employment, effective February 12, 2021, and revoke Plaintiff's privileges.

## COUNT I
### Race, Ethnicity, Religion, Sex, and National Origin Discrimination

25. Plaintiff Pran Kar sues Denis McDonough, as Secretary of the Department of Veterans Affairs, for race, ethnicity, religion, sex, national origin discrimination under Title VII.

26. Plaintiff incorporates and realleges paragraphs 1 through 24.

27. The actions taken by Defendant, including the timely raised discrete acts, are part of a long pattern of materially adverse actions, statements, and antagonism against Plaintiff.

28. As a direct and proximate result of the foregoing conduct, Plaintiff has been denied equal employment opportunity for wages, promotion, and other terms and conditions of employment by the Defendant because of Plaintiff's race (Indian), ethnicity (Indian American), Religion (Hindu), sex (male), and national origin (India).

29. Defendant, through the Plaintiff's supervisors, has engaged in, directed, and/or ratified discriminatory conduct, and has frustrated Plaintiff's efforts to obtain relief and intentionally maintained these discriminatory and unlawful practices to the detriment of its employees.

30. At all relevant times, Defendant knew or should have known of the discriminatory actions being taken against Plaintiff and failed to take necessary action

to prevent or correct those actions and, in fact, ratified such conduct. In the alternative, these practices were motivated by discriminatory animus.

31. Defendant, through acceptance of such conduct in this case and others, has adopted it and fostered an attitude among administrators, managers, and supervisors at the Orlando VAMC that discrimination against employees is an acceptable employment practice.

32. Because of the willful actions of Defendant and its administrators, managers, and supervisors, and as a proximate cause thereof, Plaintiff has been and continues to be denied his rights to equal employment opportunity in violation of Title VII.

33. As a result of the foregoing, Plaintiff has been damaged. Plaintiff's damages include but are not limited to loss of pay; loss of benefits; loss of an amicable working environment; loss of career and professional opportunities; payment of attorneys' fees and legal costs; harm to professional reputation; and humiliation, degradation, embarrassment, and severe emotional suffering and distress. Plaintiff will continue in the future to suffer these damages absent relief from this Court.

34. Plaintiff has satisfied all conditions precedent to the filing of this suit, has been prevented by the Defendant from satisfying such conditions, or is excused under the law from satisfying any other conditions.

WHEREFORE, Plaintiff requests prospective relief, a judgment for damages, attorneys' fees and costs, and such other and further relief as this Court deems just and proper and for a trial by jury on all issues so triable.

## COUNT II
### (Age Discrimination)

35. Plaintiff Pran Kar sues Denis McDonough, as Secretary of the Department of Veterans Affairs, for age discrimination under federal sector provision of the ADEA, 29 U.S.C. § 633a.

36. Plaintiff incorporates and realleges paragraphs 1 through 24.

37. The actions taken by Defendant, including the timely-raised discrete acts, are part of a long pattern of materially adverse actions, statements, and antagonism against Plaintiff.

38. As a direct and proximate result of the foregoing conduct, Plaintiff has been denied equal employment opportunity for wages, promotion, and other terms and conditions of employment by Defendant because of Plaintiff's age.

39. Defendant, through Plaintiff's supervisors, has engaged in, directed, and/or ratified discriminatory conduct, and has frustrated Plaintiff's efforts to obtain relief and intentionally maintained these discriminatory and unlawful practices to the detriment of its employees.

40. At all relevant times, Defendant knew or should have known of the discriminatory actions being taken against Plaintiff and failed to take necessary action to prevent or correct those actions and, in fact, ratified such conduct. In the alternative, these practices were motivated by discriminatory animus.

41. Defendant, through acceptance of such conduct in this case and others, has adopted it and fostered an attitude among administrators, managers, and

supervisors at the Orlando VAMC that discrimination against employees is an acceptable employment practice.

42. Because of the willful actions of Defendant and its administrators, managers, and supervisors, and as a proximate cause thereof, Plaintiff has been and continues to be denied his rights to equal employment opportunity in violation of the ADEA.

43. Plaintiff has been damaged. Plaintiff's damages include but are not limited to loss of pay; loss of benefits; loss of an amicable working environment; loss of career and professional opportunities; payment of attorneys' fees and legal costs; harm to professional reputation; and humiliation, degradation, embarrassment, and severe emotional suffering and distress. Plaintiff will continue in the future to suffer the same damages absent relief from this Court.

44. Plaintiff has satisfied all conditions precedent to the filing of this suit, has been prevented by the Defendant from satisfying such conditions, or is excused under the law from satisfying any other conditions.

WHEREFORE, Plaintiff requests prospective relief, a judgment for damages, attorneys' fees and costs and such other and further relief as this Court deems just and proper and for a trial by jury on all issues so triable.

## COUNT III
### Harassment and Hostile Work Environment

45. Plaintiff Pran Kar sues Denis McDonough, as Secretary of the Department of Veterans Affairs, for harassment and hostile work environment under Title VII and the ADEA.

46. Plaintiff incorporates and realleges paragraphs 1 through 24.

47. Plaintiff belongs to the aforesaid protected groups and was subjected to unwelcomed harassment based upon his protected status. The harassment complained of has affected the terms, conditions, and privileges of Plaintiff's employment. The actions and conduct have created an intolerable hostile work environment and caused a change in Plaintiff's wages and working conditions.

48. Given the history of these actions and based upon all the conduct alleged, Defendant at all relevant times knew, or should have known, of the above-referenced harassment and hostile work environment against the Plaintiff and that it was based upon his race, ethnicity, religion, sex, national origin, and age. Defendant has failed to take necessary action to prevent or correct the harassment and hostile work environment and, in fact, ratified such conduct.

49. Defendant, through Plaintiff's managers and supervisors, has engaged in, directed, or ratified conduct and denied and frustrated Plaintiffs' efforts to obtain relief. Defendant, through acceptance of complained-of conduct, has fostered an attitude among management within the Orlando VAMC that subjecting employees to harassment and a hostile work environment is an acceptable employment practice.

50. Because of the willful actions of the Defendant and its administrators, managers, and supervisors, and as a proximate cause thereof, Plaintiff has been and will continue to be denied his rights to equal employment opportunity in violation of Title VII and the ADEA.

51. As a result of the foregoing, Plaintiff has been damaged. Such damages include but are not limited to loss of pay; loss of benefits; payment of attorneys' fees and legal costs; loss of an amicable work environment; loss of career and professional opportunities; harm to professional reputation; and humiliation, anxiety, degradation, embarrassment, and severe emotional distress. Plaintiff will continue in the future to suffer the same damages absent relief from this Court.

52. Plaintiff has satisfied all conditions precedent to the filing of this suit or has been prevented by the Defendant from satisfying such conditions or is excused under the law from satisfying any other conditions.

WHEREFORE, Plaintiff requests prospective relief, a judgment for damages, attorneys' fees and costs and such other further relief as this Court deems just and proper and for a trial by jury on all issues so triable.

### COUNT IV
**Injunctive Relief**

53. Plaintiff Pran Kar sues Denis McDonough, as Secretary of the Department of Veterans Affairs, for discrimination under Title VII and the ADEA.

54. Plaintiff incorporates and realleges paragraphs 1 through 24.

55. Unless the above practices are enjoined, Plaintiff will suffer irreparable harm.

56. There is (1) a substantial likelihood of success on the merits; (2) irreparable injury that will be suffered unless an injunction is issued; (3) the threatened injury to Plaintiff is greater than any damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, will not disserve the public interest.

57. Plaintiff requests the Court award his attorneys' fees and costs and enter preliminary and permanent injunctions enjoining the following practices, actions, and conduct:

    a. Violating Title VII and the ADEA, as described above, including discrimination based on race, ethnicity, religion, sex, national origin, and age.

    b. Such other practices, actions or conduct that the court deems appropriate and proper to enjoin.

WHEREFORE, Plaintiff demands trial by jury of all issues so triable and such other and further relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff Pran Kar hereby demands a trial by jury on all issues so triable.

Date: December 27, 2022                    Respectfully submitted,

**/s/ Sean McFadden**
Sean McFadden
Joseph D. Magri
Merkle Magri, P.A.
5601 Mariner St., Suite 400
Tampa, FL 33609
Tel. (813) 281-9000
Fax.: (813) 281-2223
Email: smcfadden@merklemagri.com
       jmagri@merklemagri.com